| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE | |
| Case number *(if known)* _____  Chapter **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy         06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Big Village Agency, LLC** | |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **Engine USA, LLC** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **80-0530767** | |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **229 West 43rd St., 8th Floor** <br> **New York, NY 10036** <br> Number, Street, City, State & ZIP Code <br><br> **New York** <br> County | **Mailing address, if different from principal place of business** <br><br> **301 Carnegie Center, Suite 301** <br> **Princeton, NJ 80540** <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **https://big-village.com** | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor **Big Village Agency, LLC**  
Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5418**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Schedule 1** | Relationship | **See Schedule 1** |
| District | **Delaware** | When | **02/08/23** | Case number, if known | _____ |

Official Form 201 **Voluntary Petition for Non-Individuals Filing for Bankruptcy** page 2

29866890.1

Debtor  **Big Village Agency, LLC**  Case number (*if known*) _____
       Name

---

**11. Why is the case filed in *this district*?**  *Check all that apply:*

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☒ No
- ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other

**Where is the property?** _____
       Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes.  Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**   *Check one:*
- ☒ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☒ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets** (on a consolidated basis)

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☒ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities** (on a consolidated basis)

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☒ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor   **Big Village Agency, LLC**　　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **02/08/2023**
　　　　　　　MM / DD / YYYY

X  **/s/ Kasha Cacy**　　　　　　　　　　　　**Kasha Cacy**
Signature of authorized representative of debtor　　Printed name

Title  **Authorized Person**

**18. Signature of attorney**

X  **/s/ Joseph Barry**　　　　　　　　Date  **02/08/2023**
Signature of attorney for debtor　　　　　　　　MM / DD / YYYY

**Joseph Barry**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 571-6600**　　Email address  **jbarry@ycst.com**

**4221 DE**
Bar number and State

Official Form 201　　　　**Voluntary Petition for Non-Individuals Filing for Bankruptcy**　　　　page 4
29866890.1

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Its Affiliate

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name |
| --- |
| Big Village Holding LLC |
| Big Village Group Inc. |
| Big Village Group Holdings LLC |
| Big Village Insights, Inc. |
| Big Village Media LLC |
| EMX Digital, Inc. |
| Big Village USA Corporation, Inc. |
| Big Village Agency, LLC |
| Balihoo, Inc. |
| Deep Focus, Inc. |
| Trailer Park Holdings Inc. |

# WRITTEN CONSENT

# OF

# THE BOARD OF MANAGERS OF

# BIG VILLAGE AGENCY, LLC

February 7, 2023

The undersigned, constituting the board of managers (the "**Board**") of Big Village Agency, LLC (f/k/a Engine USA, LLC) a limited liability company organized under the laws of the State of Delaware (the "**Company**"), hereby takes the following actions and adopts, approves, and consents to the following resolutions by written consent as of the date hereof:

WHEREAS, management of the Company is vested in the Board pursuant to section 5.1 of that certain *Amended and Restated Limited Liability Company Agreement of Engine USA, LLC*, dated as of January 29, 2010, as amended (the "**LLC Agreement**"), and section 18-402 of the Delaware Limited Liability Company Act;

WHEREAS, pursuant to section 5.5 of the LLC Agreement, the Board may take action without a meeting provided that the Directors holding not less than the minimum number of votes that would be required to approve and adopt such action at a meeting consent to the taking of such action in writing;

WHEREAS, on January 27, 2023, the Board approved certain resolutions retaining Triple P RTS, LLC ("**Portage Point**") to provide interim management services and related support to the Company, including appointing Matthew Ray as Chief Restructuring Officer and Zachary Rose as Deputy Chief Restructuring Officer;

WHEREAS, the Board has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the assets of the Company, and current and long-term liabilities of the Company, and the recommendations of the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for the Company under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Board has determined that it is in the best interests of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code, and the Board of the Company has consented to the filing of a voluntary petition under the provisions of chapter 11 and the Bankruptcy Code;

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, the creditors of the Company, and other stakeholders and interested parties of the Company, that a voluntary petition (the "**Petition**") be filed by the Company with the United States

Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the form, terms and provisions of, the execution, delivery and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and they hereby are, authorized, approved and adopted in all respects and that the persons listed on Schedule 1 attached hereto (the "**Authorized Persons**") be, and hereby are, authorized, directed, and empowered on behalf of and in the name of each Company (i) to execute and verify the Petition and all documents ancillary thereto, and to cause such Petition to be filed with the Bankruptcy Court commencing a chapter 11 case (the "**Bankruptcy Case**"), and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by the Authorized Persons' execution and delivery thereof; and it is further;

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("**YCST**"), shall be, and hereby is, authorized, empowered, and directed to represent the Company, as a debtor and debtor-in-possession, in connection with the Bankruptcy Case on the terms set forth in its engagement letter with the Company, which are hereby ratified and approved, and to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including to (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petition or any ancillary document as the Authorized Persons deem necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or proper in connection with the foregoing, and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Bankruptcy Case in form or forms as the Authorized Persons may deem necessary or proper in order to effectuate the purpose of the intent of the foregoing resolution; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of YCST in the Bankruptcy Case; and it is further

**RESOLVED**, that Kroll Restructuring Administration, LLC ("**Kroll**"), be and hereby is, authorized and empowered to represent and assist the Company as claims and noticing agent and administrative advisor and to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kroll in the Bankruptcy Case; and it is further

29876026.3

**RESOLVED,** that Portage Point be and hereby is, authorized and empowered to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application to retain the services of Portage Point in the Bankruptcy Case; and it is further

**RESOLVED,** that Stephens, Inc. ("**Stephens**"), be and hereby is, authorized and empowered to represent and assist the Company as its investment banker and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application to retain the services of Stephens in the Bankruptcy Case; and it is further

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that the Authorized Persons be, and hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel and other professionals and to take and perform any and all further acts and deeds that the Authorized Persons deems necessary, proper or desirable in connection with the Bankruptcy Case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, that each of the aforementioned retained advisors of the Company is hereby authorized to take any and all actions necessary or desirable to advance the Company's rights and obligations and facilitate the commencement of the Bankruptcy Case; and it is further

**Cash Collateral**

**RESOLVED**, that, in connection with the commencement of the Company's Bankruptcy Case, the Authorized Persons are authorized and directed, to the extent necessary, on behalf of the Company, as debtor and debtor-in-possession, to negotiate, obtain, execute, deliver, and guarantee the use of cash collateral according to the terms negotiated, or to be negotiated, by, or on behalf of, the Company or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation (i) the use of cash collateral in such amounts and on such terms as the Authorized Persons deems necessary or advisable (collectively, the "**Cash Collateral**"), (ii) the execution and delivery of any documents to evidence the permitted use of Cash Collateral, (iii) the incurrence and payment of fees, (iv) the execution and delivery of real property and personal property (including intellectual property) security agreements (and amendments, supplements, and

modifications thereto, as appropriate), (v) the granting of liens on and security interests in any and all assets of the Company, (vi) the authorization of filing and recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing and perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, (vii) the acknowledgement of debt and liens of existing loans, (viii) payment of interest to the Company's existing lenders, and (ix) the execution and delivery of deposit, securities and other account control agreements (and amendments, supplements and other modifications thereto, as appropriate), and the Authorized Persons are hereby authorized and directed to execute any appropriate agreements and related ancillary documents on behalf of the Company in connection with the foregoing; and it is further

**Stalking Horse APA**

**RESOLVED,** that it is in the best interest of the Company to enter into the proposed Asset Purchase Agreement (together with all exhibits, schedules and other attachments thereto or incorporated therein by reference, the "**Stalking Horse APA**"), by and between NMMB INC.,(D/B/A/ Refuel Agency) as purchaser (the "**Stalking Horse Bidder**") and Big Village Insights, Inc., Big Village Agency LLC, Big Village Group, Inc., Deep Focus, Inc., EMX Digital Inc., Balihoo, Inc., and Big Village Media LLC on the terms and conditions substantially similar to those set forth in the form of Stalking Horse APA; and it is further

**RESOLVED**, that the form, terms, and provisions of the Stalking Horse APA, and any other agreement, instrument, document, or certificate required to effect the purposes of the Stalking Horse APA, is authorized and approved, with such changes, additions, or deletions as any Authorized Persons executing the same may in his or her discretion deem necessary or appropriate; and it is further

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized, empowered, and directed to enter into, execute, and deliver the Stalking Horse APA with the Stalking Horse Bidder on behalf of the Company, subject to the Company receiving higher or better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all schedules, lists, and other motions, papers, or documents, and any other agreements or amendments related thereto or required thereby in respect of the sale of certain or all of the assets of the Company pursuant to sections 105, 363 and 365 of the Bankruptcy Code (the "**Section 363 Sale**"), and to take any and all action that they deem necessary or advisable to effect the Section 363 Sale, the execution thereof to be conclusive evidence of such approval and determination; and it is further

**General**

**RESOLVED**, that the Authorized Person be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered

in such form, as the Authorized Persons performing or executing the same shall approve, and the performance or execution thereof by the Authorized Persons shall be conclusive evidence of the approval thereof by the Authorized Persons and by the Company; and it is further

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Persons, shall be necessary, proper, and desirable to prosecute a successful completion of the Company's Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debts, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, her authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Persons may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Persons shall approve, the taking or execution thereof by the Authorized Persons being conclusive evidence of the approval thereof by the Authorized Persons and the Company; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

[Signature page follows]

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of Managers, hereby execute this written consent effective as of the date first written above.

*/s/ Collin Abert*
By:  Collin Abert
Title:  Manager


*/s/ Paul Caine*
By:  Paul Caine
Title:  Manager


*/s/ Kasha Cacy*
By:  Kasha Cacy
Title:  Manager

29876026.3

*[Signature Page]*

## SCHEDULE A

- Kasha Cacy

- Matthew Ray

- Zachary Rose

29876026.3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Big Village Holding LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-(_____)<br><br>(Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Big Village Holding LLC, and its affiliated debtors and debtors in possession in the above-captioned cases (each, a "Debtor" and, collectively, the "Debtors") hereby state as follows:

1. The following is a list of the equity interest holders in Debtor Big Village Holding LLC ("Holding"), along with the nature of their equity interests:

| Debtor | Equity Holder | Address | Percentage of Equity Held |
|---|---|---|---|
| Holding | ORC Conduit, LLC | Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | 69.2% |
| Holding | Trailer Park Holdings LLC | Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | 16.8% |
| Holding | Management of Holding | 229 West 43rd Street<br>8th Floor<br>New York, NY 10036 | 6.7% |
| Holding | Certain minority shareholders | N/A | 7.3% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

2. Debtor Big Village Group Holdings LLC ("BVGH") is 90% owned by Holding.[2]

3. Debtor Big Village Group Inc. ("Big Village, Inc.") is 100% owned by BVGH.

4. Debtor Trailer Park Holdings Inc. is 100% owned by Big Village, Inc.

5. Debtor Big Village Insights, Inc. ("Insights, Inc.") is 100% owned by Big Village, Inc.

6. Debtors Big Village Media LLC, and Big Village USA Corporation, Inc. ("Big Village USA") are each 100% owned by Insights, Inc.

7. Debtors Balihoo, Inc., and EMX Digital, Inc. are each 100% owned by Big Village Media LLC.

8. Debtor Big Village Agency, LLC ("Big Village Agency") is 100% owned by Big Village USA.

9. Debtor Deep Focus, Inc. is 100% owned by Big Village Agency.

---

[2] Certain prepetition lenders own the remaining 10% of BVGH.

29859529.1

**Fill in this information to identify the case:**

Debtor name: Big Village Holding LLC, *et al*.

United States Bankruptcy Court for the: District of Delaware

Case number (if known): ____TBD_____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | CPX Interactive, LLC<br>Mike Fleischman - CFO<br>1441 Broadway<br>18th Floor<br>New York, NY 10018 | CPX Interactive, LLC<br>Mike Fleischman - CFO<br>PHONE: 646-863-8309<br>EMAIL: mfleischman@cpxi.com | Litigation | C,U,D | | | $6,596,402.00 |
| 2 | Pluto Inc.<br>AR team<br>705 N. San Vivente Blvd<br>Ste 900E<br>West Hollywood, CA 90069 | Pluto Inc.<br>AR team<br>PHONE: 213-284-0873<br>EMAIL: invoices@pluto.tv | Trade | | | | $4,475,522.94 |
| 3 | Columbia REIT<br>Maria Blake, Elizabeth M. Brown<br>229 West 43rd Street<br>Lower Level 3<br>New York, NY 10036 | Columbia REIT<br>Maria Blake, Elizabeth M. Brown<br>PHONE: 212-659-8467<br>EMAIL: maria.blake@columbia.reit; ebrown@rosenbergestis.com | Lease / Rent | C,U,D | | | $2,810,481.26 |
| 4 | Yahoo Ad Tech LLC<br>Collection Department<br>13031 W Jefferson Blvd.<br>Building 900<br>Los Angeles, CA 90066 | Yahoo Ad Tech LLC<br>Collection Department<br>PHONE: 800-305-7664<br>EMAIL: Collections@yahooinc.com | Trade | | | | $2,782,198.47 |
| 5 | Google Inc-Adwords<br>Collection Departmnet<br>Dept. 33654<br>P.O. Box 39000<br>San Francisco, CA 94139 | Google Inc-Adwords<br>Collection Departmnet<br>PHONE: 650-253-0000<br>EMAIL: collections-us@google.com | Trade | | | | $1,681,266.09 |
| 6 | Proper Media, LLC<br>Deamie Felder<br>4150 Mission Blvd<br>Suite 220<br>San Diego, CA 92109-5002 | Proper Media, LLC<br>Deamie Felder<br>PHONE: 484-324-2400<br>EMAIL: thestaff@tvtropes.org | Trade | | | | $1,175,949.47 |
| 7 | Samsung Electronics America, I<br>Customer Service<br>8482 Collection Center Drive<br>Chicago, IL 60693-0084 | Samsung Electronics America, I<br>Customer Service<br>PHONE: 408-826-7792<br>EMAIL: ads-invoices@samsung.com; a.besaw@samsung.com | Trade | | | | $1,146,692.35 |
| 8 | New Performance Improvement Pa<br>Phalgun Yanamandra<br>One Enterprise Drive<br>Suite 430<br>Shelton, CT 06484 | New Performance Improvement Pa<br>Phalgun Yanamandra<br>PHONE: 704-290-4871<br>EMAIL: pipinvoices@pipartners.com; pyanamandra@pipartners.com | Professional Services / Fees | | | | $977,586.90 |
| 9 | AppMonet<br>Invoices<br>199 Lafayette Street<br>Suite 3B<br>New York, NY 10012 | AppMonet<br>Invoices<br>PHONE: 619-508-0262<br>EMAIL: accounting@appmonet.com; bryan.halper@appmonet.com | Trade | | | | $900,249.96 |
| 10 | Amazon Web Services, Inc.<br>Customer Service<br>410 Terry Avenue N<br>Seattle, WA 98109 | Amazon Web Services, Inc.<br>Customer Service<br>PHONE: 206-266-1000<br>EMAIL: acmd-aws-ar@amazon.com | Trade | | | | $891,620.50 |

Debtor: Big Village Holding LLC, *et al.*          Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | Xandr Inc. (AppNexus) AR team 28 West 23rd Street 4th Floor New York, NY 10010 | Xandr Inc. (AppNexus) AR team PHONE: 646-825-6460 EMAIL: billing@appnexus.com | Trade | | | | $829,720.77 |
| 12 | Taboola.com Ltd Omry Polakiewicz 2 Jabotinsky Street Ramat Gan 5250501 Israel | Taboola.com Ltd Omry Polakiewicz PHONE: 972-3-696-6966 EMAIL: AR-IL@taboola.com; omry.p@taboola.com | Trade | | | | $748,018.27 |
| 13 | Hulu, LLC HULU AR 2500 Broadway 2nd Floor Santa Monica, CA 90404 | Hulu, LLC HULU AR PHONE: 310-571-4700 EMAIL: Hulu.Ar@Disney.com | Trade | | | | $737,094.04 |
| 14 | Google Inc. Collection Departmnet Dept 33654 P O BOX 33654 San Francisco, CA 941396 | Google Inc. Collection Departmnet PHONE: 650-253-0000 EMAIL: collections-us@google.com | Trade | | | | $635,974.39 |
| 15 | CBS Interactive Inc. Tekara Averett 24670 Network Place Chicago, IL 60673-1246 | CBS Interactive Inc. Tekara Averett PHONE: 502-992-8032 EMAIL: tekara.averett@cbsinteractive.com | Trade | | | | $602,079.85 |
| 16 | Ugam Solutions Pvt. Ltd-WIRE Rashmi Dave 2030 Vallejo Street Suite 304 San Francisco, CA 94123 | Ugam Solutions Pvt. Ltd-WIRE Rashmi Dave PHONE: 91 22 6742 8300 ext 1582 EMAIL: accounts.receivable@ugamsolutions.com | Trade | | | | $577,877.37 |
| 17 | Ironsource Neon Ltd (TypeA Hol Efrat Levin Azrieli Sarona Tower Derech Menachem Begin 121 Tel Aviv 6701318 Israel | Ironsource Neon Ltd (TypeA Hol Efrat Levin PHONE: (+972) 052-4506856 EMAIL: efrat.levin@typea.group | Trade | | | | $563,000.00 |
| 18 | Consumable Mark Levin - CEO 9710 Traville Gateway Drive Suite 267 Rockville, MD 20850 | Consumable Mark Levin - CEO PHONE: 301-251-2363 EMAIL: mark@giftconect.com | Trade | | | | $514,984.39 |
| 19 | Gannett Co., Inc Jaime Wagner 7950 Jones Branch Dr McLean, VA 22107 | Gannett Co., Inc Jaime Wagner PHONE: 877-736-7884 EMAIL: cashservices@usatoday.com; jwagner2@gannett.com | Trade | | | | $441,490.14 |
| 20 | Massandra Harbor Hollywood Own Marcela Granera 200 Pine Avenue Suite 502 Long Beach, CA 90802 | Massandra Harbor Hollywood Own Marcela Granera PHONE: 323-540-5108 EMAIL: mgranera@tiarna.com | Lease / Rent | C,U,D | | | $436,954.76 |
| 21 | MediaVine, Inc. Eric Hochberger, Author 160 W. Camino Real #504 Boca Raton, FL 33432 | MediaVine, Inc. Eric Hochberger, Author PHONE: 888-705-1246 EMAIL: eric@mediavine.com | Trade | | | | $435,864.22 |
| 22 | Philo Inc Legal Department 225 Green St San Francisco, CA 94111 | Philo Inc Legal Department PHONE: 914-523-1480 EMAIL: adbill@philo.com | Trade | | | | $430,001.88 |
| 23 | Vidazoo Ltd Elad Friedman 114 Yigal Alon Street Tel Aviv 6744320 Israel | Vidazoo Ltd Elad Friedman PHONE: (+972) 544-998253 EMAIL: finance@vidazoo.com; efriedman@vidazoo.com | Trade | | | | $394,773.23 |
| 24 | Content IQ LLC (Boredom Therap Morgan Wagman One World Trade Center 77th Floor Suite A New York, NY 10007 | Content IQ LLC (Boredom Therap Morgan Wagman PHONE: 212-685-8000 EMAIL: accountreceivable@contentiq.com | Trade | | | | $383,784.49 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 25 | National Opinion Research Cent Tamara Newell 55 East Monroe Street 20th Floor Chicago, IL 60603 | National Opinion Research Cent Tamara Newell PHONE: 312-759-4001 EMAIL: Newell-Tamara@norc.org | Trade | | | | $376,759.00 |
| 26 | Vizio Services, LLC Sunny Bang 39 Tesla Irvine, CA 92618 | Vizio Services, LLC Sunny Bang PHONE: 949-777-0744 EMAIL: VIZIO.Accounting@vizio.com | Trade | | | | $375,000.00 |
| 27 | GumGum, Inc. Kara Petrocelli 1314 7th Street 4th Floor Santa Monica, CA 90401 | GumGum, Inc. Kara Petrocelli PHONE: 310-260-9666 EMAIL: accounting@gumgum.com | Trade | | | | $362,372.68 |
| 28 | K&L Gates LLP Legal Department 599 Lexington Avenue New York, NY 10022-6030 | K&L Gates LLP Legal Department PHONE: 212-536-3900 EMAIL: AccountsReceivableSEA@klgates.com | Professional Services / Fees | | | | $351,719.77 |
| 29 | NBC Universal Media LLC CFS Judy Swain - Director Digital Media Finance 30 Rockefeller Plaza New York, NY 10112 | NBC Universal Media LLC CFS Judy Swain - Director Digital Media Finance PHONE: 212-664-5548 EMAIL: Judy.Swain@nbcuni.com | Trade | | | | $350,000.00 |
| 30 | Roku, Inc. Customer Service Dept 3118 PO Box 123118 Dallas, TX 75312-3118 | Roku, Inc. Customer Service PHONE: 408-556-9040 EMAIL: dlaccountsreceivable@roku.com | Trade | | | | $348,527.00 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Big Village Holding LLC**, *et al.* |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **02/08/2023**         **X** /s/ Kasha Cacy
                                              Signature of individual signing on behalf of debtor

                                              **Kasha Cacy**
                                              Printed name

                                              **Authorized Person**
                                              Position or relationship to debtor